IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MARTIN on behalf of himself and others similarly situated,<br>　　Plaintiff,<br><br>　　　　v.<br><br>WELLS FARGO HOME MORTGAGE d/b/a AMERICA'S SERVICING COMPANY<br>　　Defendant. | )<br>) 1:12-cv-1611<br>)<br>)<br>) Judge Zagel<br>) Magistrate Judge Cole<br>)<br>) JURY DEMANDED<br>)<br>)<br>) |

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff respectfully requests that this Court grant him leave to file an amended complaint in this action. The proposed Amended Complaint is attached as Appendix 1.

In support of this motion, plaintiff states:

1. This is a Telephone Consumer Protection Act, 47 U.S.C. §227(b) case alleging that the defendant improperly used prerecorded/artificial voice messages in collection telephone calls to plaintiff, even though plaintiff has no relationship with defendant. *Soppet v. Enhanced Recovery Co., LLC*, --- F.3d ----, 2012 WL 1650485 (7th Cir. May 11, 2012), reconsideration denied (May 25, 2012) (affirming denial of debt collector's summary judgment motion in "wrong number" TCPA autodialer case).

2. Plaintiff filed his original complaint on March 6, 2012. Wells Fargo moved to dismiss, arguing that the complaint was insufficient because (a) plaintiff did not plead that defendant had no consent to call him, (b) Wells Fargo feels that the inclusion of a "live operator," even after use of a prerecorded message, takes its use of that message outside the purview of the TPCA, and (c) asked that the class allegations be stricken because, in Wells Fargo's view, plaintiff did not

1

adequately plead that he was a member of the class he represents.

3. Although plaintiff disagrees that any of the above-listed items constitute grounds for dismissal, the amended complaint has remedied two of the three perceived problems. It alleges that Wells Fargo did not have plaintiff's "prior express consent" to make the calls, and more explicitly explains why plaintiff is a member of the class he seeks to represent.

4. The "live operator" issue applies to one of the calls, only, and is probably not appropriate for a motion to dismiss. Plaintiff has added factual allegations, including a transcript of the voice mail message left by defendant.

5. The proposed Amended Complaint adds Wells Fargo Bank, N.A. as a defendant, pursuant to a footnote on page 1 of defendant's motion to dismiss, indicating that that entity is also responsible for any violations.

6. Finally, plaintiff the proposed amended complaint slightly modifies the class definition to clarify that the class includes only persons like plaintiff, whose cell phone numbers defendant obtained from some source other than from the class member as to the debt that was being collected through placement of the calls.

7. No substantive claims have been added or subtracted from the case.

8. Pursuant to Fed.R.Civ.P. 15(a)(2), a district court should only deny a motion to amend a complaint if there is a substantial reason to do so. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); *accord*, *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 748, 597 (5th Cir. 1981); *Cement Masons' Pension Fund, Local 502 v. Clements*, 91 C 8032, 1993 U.S. Dist. LEXIS 13938 (N.D.Ill., Oct. 5, 1993); *Nagy v. Riblet Products Corp.*, No. S90-202

(RLM), 1991 U.S. Dist. LEXIS 20128, *1, Fed. Sec. L. Rep. (CCH) P96,535 (N.D.Ind., Oct. 16, 1991); *Kopala v. Pepsi-Cola Bottling Co.*, No. S90-296 (RLM), 1991 U.S. Dist. LEXIS 10261, *3-4, 55 Fair Empl. Prac. Cas. (BNA) 1535 (N.D.Ind. May 7, 1991); *Select Creations v. Paliafito Am.*, 830 F. Supp. 1213, 1215-16 (E.D.Wisc. 1993).

9. The proposed amendments will not cause any prejudice to the defendant. *See Johnson v. Oroweat Foods*, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); *Hely & Patterson Intern v. F.D. Rich Housing*, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

10. Defendant will not be prejudiced if this amendment is granted. The claims in the Amended Complaint are identical to the claims in the original complaint. Further, no discovery has happened yet, because Wells Fargo has taken the position that it does not have any duty to engage in a Fed.R.Civ.P. 26(f) planning conference until the Court sets a scheduling conference *and* the motion to dismiss has been decided. Because of this position taken by Wells Fargo, the case is still in its infancy.

11. In sum, given the liberal standards for allowing amendments to pleadings, the fact that this amendment does not alter the substantive claims before the Court and because it likely moots two justifications for Wells Fargo's motion to dismiss, the motion should be granted.

WHEREFORE, plaintiff respectfully request that this Court grant him leave to amend the complaint in this action. The proposed Amended Complaint is attached as <u>Appendix 1</u>.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

# Appendix 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL MARTIN on behalf of himself and others similarly situated,<br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO HOME MORTGAGE d/b/a AMERICA'S SERVICING COMPANY and WELLS FARGO BANK, N.A.<br>    Defendants. | )<br>) 1:12-cv-1611<br>)<br>) Judge Zagel<br>) Magistrate Judge Cole<br>)<br>) JURY DEMANDED<br>)<br>) |

## **AMENDED COMPLAINT**

## **CLASS ACTION**

1. Plaintiff Michael Martin brings this action against Wells Fargo Home Mortgage, Inc. doing business as America's Servicing Company ("Wells Fargo") to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") arising out of improper and unsolicited autodialed calls to plaintiff's cellular telephone.

2. Defendant called plaintiff's cellular using automated dialing and prerecorded voice technology in an attempt to collect an alleged debt from someone other than plaintiff. Wells Fargo did not receive plaintiff's cell phone number from plaintiff with respect to the alleged debt it was collecting.

3. Plaintiff seeks to represent a class of persons who were called using similar technology, who similarly did not provide their cellular telephone numbers to Wells Fargo as to the alleged debts that were the subject of the calls.

## JURISDICTION AND VENUE

4. The Court has federal question jurisdiction because this action is brought pursuant to a federal statute.

5. Venue is proper because a substantial portion of the events complained of occurred in this District.

## PARTIES

6. Plaintiff is an individual who resides in this District. Plaintiff's cellular telephone number is 630-xxx-1573.

7. Defendant is one of the largest mortgage companies in the United States. It does business in this District.

## FACTS

8. The TCPA broadly prohibits the use of any artificial or prerecorded voice to call any cellular telephone.

9. Defendant called plaintiff's cellular telephone on at least two occasions in 2009, in connection with collection of an alleged mortgage debt that was not plaintiff's debt. These two calls are likely not the only calls defendant made or attempted to plaintiff's cell phone.

10. In one of the calls, made on or about December 22, 2009, defendant left an unattended and prerecorded voice mail message. This message was made with an "artificial or prerecorded voice" under the TCPA.

11. Plaintiff preserved the two voice mail left by defendant. The December 22, 2009, voice mail message stated:

**This message is from America's Mortgage Servicing Company, your mortgage servicer. Please call us back at 800-662-3806. Our hours of operation are Monday through Friday, 8:00 am to 11:00 pm eastern time, and Saturday 9:00 am to 3:00pm Eastern time. Again, our number is 800-662-3806. Thank you.**

12.     Defendant left another voice mail on plaintiff's cellular telephone on or about January 5, 2010. This call initiated with a prerecorded message, and then a live operator came on to the line:

**[Prerecorded message] This call is being recorded for quality.**

**[live voice] Hello? ... Hello?**

13.     Each of the above-mentioned "prerecorded voice messages" was recorded ahead of time, and played automatically during the telephone calls.

14.     Defendant filed a motion to dismiss the original complaint, arguing that a plaintiff needs to allege a lack of consent. This is incorrect because consent is an affirmative defense in a TCPA case, and it is the burden of the creditor to prove such: "the creditor should be responsible for demonstrating that the consumer provided prior express consent." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, GC Doc. 02-278, 23 FCC Rcd. 559 (January 4, 2008). It makes no sense for a plaintiff to have to allege the lack of an affirmative defense. *Soppet v. Enhanced Recovery Co., LLC*, --- F.3d ----, 2012 WL 1650485, (7th Cir. May 11, 2012). In order to moot the argument in the motion to dismiss, plaintiff pleads the lack of Wells Fargo's affirmative defense.

15.     Defendant did not have plaintiff's consent to be called on his cellular telephone, using any automatic telephone dialing system or artificial or prerecorded voice.

16. Defendant did not receive plaintiff's cellular telephone number from plaintiff with respect to whatever account defendant was collecting when it placed the calls that are the subject of this lawsuit.

17. Upon information and belief, some or all of defendant's calls to plaintiff and the class were also made using an "automatic telephone dialing system" as that term is defined in the TCPA and implementing regulations and final orders.

18. Plaintiff and the class have been substantially damaged by these calls. Their privacy was improperly invaded, many were charged for the calls, and they were annoyed and bothered by the calls. *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan. 18, 2012) (describing invasions of privacy); *Soppet v. Enhanced Recovery Co., LLC*, --- F.3d ----, 2012 WL 1650485 (7th Cir. May 11, 2012) (noting that use of cell phone minutes constitutes "out of pocket" damages.

## COUNT I – TCPA

19. Plaintiff incorporates all previous paragraphs of this complaint.

20. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an "artificial or prerecorded voice." It is also a violation to do so using an "automatic telephone dialing system."

21. Defendant, or some person on its behalf, called plaintiff and others using an "artificial or prerecorded voice," and using an "automatic telephone dialing system."

22. Plaintiff and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic dialing system, and to an injunction stopping the illegal activity.

23. The violations alleged herein were negligent, or alternatively, they were willful. 47 U.S.C. §312(f)(1).

## Class Allegations

24. Plaintiff brings Count I on behalf of a class, which consists of:

All persons with Illinois, Indiana and Wisconsin area code phone numbers who defendant or some person on its behalf called on their cell phone and played a message that had been recorded ahead of time, where defendant obtained the phone number from some source other than directly from the called party with respect to the alleged debt that was being collected, where any call was made on or after March 6, 2008, ongoing.

25. Plaintiff is a member of this class. Defendant called him and played a message that had been recorded ahead of time, and because defendant did not obtain plaintiff's cellular telephone number from plaintiff, with respect to the debt being collected.

26. Plaintiff and each class members' claims are identical because they each received artificial or prerecorded voice calls from defendant; calls that had been recorded ahead of time.

27. Upon information and belief, based upon industry practices, defendant called more than 100 Illinois, Indiana and Wisconsin cell phone numbers during 2009, and played a message similar to that which it played for plaintiff (where no live operator came on the line) where defendant obtained the cell phone number through some place other than from the recipient.

28. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

    a. Whether defendants used an automatic telephone dialing system and artificial or prerecorded voice as that those terms are defined in the TCPA and applicable FCC regulations and orders; and

  b.  Damages, including whether the violation was willful.

29. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

30. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

31. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

32. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

33. The identities of the class members are identifiable from defendant's records.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of himself and the

class and against defendants that provides the following relief:

    a.    Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

    b.    A permanent injunction prohibiting defendant from violating the TCPA in the future through calling cellular phones using an automatic telephone dialing system and/or a prerecorded voice message;

    c.    A declaration that defendants, and each of them, used an automatic telephone dialing system, and violated the TCPA in calling plaintiff and the class; and

    d.    Any other relief the Court finds just and proper.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601

(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**DOCUMENT PRESERVATION DEMAND**

      Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke